## Massachusetts Bonding & Insurance Company, Appellant, v. Joseph R. Burres, Appellee.

### Gen. No. 20,773.

1. INDEMNITY, § 8*—*what is extent of liability under contract of indemnity.* In an action on an indemnity bond, where under the contract of indemnity defendant undertook, among other things to pay the expenses of seizing and caring for the property levied upon or seized under a writ of execution and the costs of the services of the bailiff, "including custodian fees," this was the measure of the defendant's liability, and such defendant was liable for reasonable custodian fees.

2. INDEMNITY, § 24*—*what evidence may not be considered in action on bond.* In an action on an indemnity bond, given as a condition precedent to trying a writ of execution, the question of taxation of custodian fees as costs in the suit in which the judgment on which the writ of execution was issued, was obtained was not germane to the issues involved.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Massachusetts Bonding & Ins. Co. v. Burres, 194 Ill. App. 567.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

AARON SOBLE, for appellant.

ELIJAH N. ZOLINE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Mary A. Conley recovered a judgment in the Municipal Court of Chicago against Elizabeth B. Portugal and thereon issued an execution and requested the bailiff of the Municipal Court to levy the writ upon certain property of the judgment debtor. Before acceding to this request the bailiff exacted, as he lawfully might, a bond of indemnity as a condition precedent to his levying the writ as requested. The defendant Burres and one M. L. McKinley procured the plaintiff to indemnify the bailiff and, on their part, executed and delivered their bond of indemnity to the plaintiff, and this suit is on that bond.

A trial was had before the court and a jury, the latter rendering a verdict upon the direction of the court in favor of the defendant, upon which a judgment of *nil capiat* and for costs was entered and plaintiff appeals.

Plaintiff's claim is for one hundred and thirty-six dollars for custodian fees paid by it to the bailiff in the Conley suit, in accord with the condition of its undertaking, for the services of two custodians put in charge of the property levied upon, which was situate in two different places. The charge was at the rate of four dollars per day.

Plaintiff claims under its contract of indemnity, and defendant insists there can be no recovery because the custodian fees paid were not taxed as costs by the Municipal Court.

This suit is not between the parties to the Conley judgment against Portugal. Consequently, the question of taxation of custodian fees as costs in that suit is not germane to the issue presented in this action. By the express terms of defendant's indemnity to plaintiff he undertook, among other things, to pay the expenses of seizing and caring for the property levied upon or seized under the writ of execution "and the costs of the services of the bailiff *including custodian fees.*" This is the measure of the liability of defendant, and the only question is, are the custodian fees, charged by the bailiff and paid by plaintiff to him, reasonable? The uncontradicted evidence is that the charge of one hundred and thirty-six dollars was reasonable. This evidence, upon the motion of defendant, was stricken out on the ground that the one hundred and thirty-six dollars had not been taxed as costs in the Conley suit, and on motion of defendant the jury were instructed to find a verdict in his favor. This was error, for which the judgment of the County Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*